This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39135**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**SHANE R. MEDINA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Matthew E. Chandler, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Carrie Cochran, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**ATTREP, Judge.**

**{1}** Defendant appeals from a district court judgment and sentence entered after he pled no contest to possession of methamphetamine, reserving the right to challenge the denial of his motion to suppress. We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. We affirm.

**{2}** Our review of a district court's order on a motion to suppress presents "a mixed question of fact and law." *State v. Leyva*, 2011-NMSC-009, ¶ 30, 149 N.M. 435, 250 P.3d 861. "In reviewing a district court's ruling denying a motion to suppress, the appellate courts draw all reasonable inferences in favor of the ruling and defer to the

district court's findings of fact as long as they are supported by substantial evidence." *State v. Murry*, 2014-NMCA-021, ¶ 10, 318 P.3d 180. "[W]e then review de novo the [district] court's application of law to the facts to determine whether the search or seizure were reasonable." *Leyva*, 2011-NMSC-009, ¶ 30.

**{3}** Defendant's motion claimed that certain eyewitness identification evidence should be excluded because this evidence was the product of an inherently suggestive showup that was not otherwise shown to be reliable. [RP 102] Since this case was appealed, our Supreme Court has adopted a new analysis for reviewing claims of police-tainted eyewitness evidence. *See State v. Martinez*, 2021-NMSC-002, 478 P.3d 880. In effect, the main change to our law is that an impermissibly suggestive identification process may no longer be cured by either a showing of reliability under a "totality of circumstances" test or by application of the independent source "doctrine in the context of disputed eyewitness identifications." *Id.* ¶¶ 72, 77. Our Supreme Court explained the new analysis as follows:

> Under the per se exclusionary rule we adopt herein, if a witness makes an identification of a defendant as a result of a police identification procedure that is unnecessarily suggestive and conducive to irreparable misidentification, the identification and any subsequent identification by the same witness must be suppressed. The question of whether the identification is *unnecessarily* suggestive focuses not only on the identification procedure itself but also on whether the police have a good reason to use a suggestive identification procedure in the first instance.

*Id.* ¶ 79.

> Under our approach, the initial burden falls on the accused to establish prima facie that some aspect of the identification procedure employed by the police was suggestive in nature. If the accused does not meet that burden, suppression is not required.

*Id.* ¶ 80.

**{4}** Here, we conclude that the facts do not support Defendant's initial burden to show that the procedure employed was "unnecessarily suggestive and conducive to irreparable misidentification." *Id.* ¶ 61. For the reasons stated in our notice of proposed disposition, the record indicates the post-arrest identification did not taint these witnesses in a way that denied Defendant due process. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Even if we were to conclude that the showup procedure in this case shifted the burden to the state to show by clear and convincing evidence that it did not increase the risk for misidentification, *see id.* ¶ 88, we conclude that the facts set forth by the district court indicate that the State satisfied this burden. [RP 163-65]

**{5}** For the reasons set forth above, we affirm.

**{6}** **IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**JANE B. YOHALEM, Judge**